UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BILLY TOM MOORE,

    Petitioner,        Civil No. 07-1805-HU

  v.            ORDER

DON MILLS, Superintendent, Eastern Oregon
Correctional Institution,

    Respondent.

———————————————————

HAGGERTY, District Judge:

  Magistrate Judge Hubel issued a Findings and Recommendation [40] recommending that

the Petition for Writ of Habeas Corpus [2] in this matter be denied, and that Judgment be entered

dismissing this action.  Objections to portions of the Findings and Recommendation were filed

by both parties.  The matter was then referred to this court for review.

  When a party objects to any portion of the Magistrate's Findings and Recommendation,

the district court must make a *de novo* determination of that portion of the Magistrate's report.

28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981).  Objections were filed in a timely manner.  The court has carefully

evaluated the Magistrate's Findings and Recommendation, the objections, and the Record of the case.

This court's *de novo* review turns first to respondent's objection to the Magistrate Judge's conclusion that it was proper to consider evidence submitted by petitioner to the Oregon Court of Appeals in support of his speedy trial claim. Findings and Recommendation at 10-11. Respondent argues that a federal court cannot review evidence presented to a state court "in a manner in which it could not be considered." Resp. Obj. at 6.

Petitioner attached a fourteen-page affidavit to his opening brief to the Oregon Court of Appeals in support of his direct appeal. The affidavit raised a constitutional speedy trial claim. At the time, the state responded by arguing that the Oregon Court of Appeals should not consider the affidavit because it was never presented to the trial court. The state did not seek to strike the affidavit, and the Court of Appeals affirmed petitioner's conviction and sentence without opinion.        Accordingly, the affidavit – though challenged – was never stricken, and the Court of Appeals summarily affirmed the trial court's rulings with petitioner's affidavit remaining as part of the record. The affidavit remained in the record that was presented to the Oregon Supreme Court. That court denied review without opinion.

The Ninth Circuit has addressed related issues recently: "unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). In this case, the Oregon Court of Appeals is construed to have acted on the merits of the case, which includes consideration of petitioner's affidavit. Respondent's objections here renew the challenges brought regarding the propriety of the affidavit when it was first attached to petitioner's direct-appeal opening brief. Although

2  -- ORDER

respondent may disagree with the appellate court's failure to address that propriety, or may have preferred advancing an explicit motion to strike the document, the Magistrate Judge did not err. Respondent's request that petitioner's affidavit – as supporting evidence – be construed as procedurally defaulted is denied.  Accordingly, respondent's objection is overruled.

Petitioner's first objection involves an incident occurring on the second day of petitioner's trial, when an employee from the district attorney's office entered the jury room to meet with an alternate juror with whom the employee was acquainted.  Petitioner's counsel declined the trial judge's invitations to question the employee or to request removal of the alternate juror.

Petitioner now asserts that the trial court erred in failing to grant a mistrial *sua sponte* after learning of the contact between the employee and the alternate juror, and that this failure violated his Sixth Amendment rights.  The Magistrate Judge concluded that this claim is procedurally defaulted because (1) petitioner "failed to fairly present the federal constitutional claim on direct appeal; (2) the appellate court did not expressly address the claim; and (3) the claim is now procedurally defaulted by virtue of the fact that the time for fairly presenting it to the state courts has expired."  Findings and Recommendation at 9 (citations omitted).  The Magistrate Judge also concluded that petitioner failed to make a showing sufficient to overcome the default.  *Id.*

Petitioner objects to these conclusions.  Petitioner argues that he raised the federal constitutional claim "that juror misconduct created a *sua sponte* obligation for the trial court to declare a mistrial" pursuant to an Oregon procedural rule that allows presentation of issues not preserved by trial counsel, and so this court should conclude that "Oregon courts were given a fair opportunity to rule on this issue."  Pet. Obj. at 3 (citations omitted).  Petitioner asserts that

Oregon courts "regularly review" unreserved issues that constitute an error of law that is apparent on the face of the record ("plain error" issues). *Id*. (citations omitted).

Petitioner's failure to raise the argument before the trial court rendered it unpreserved for appellate review. *State v. Gornick*, 130 P.3d 780 (Or. 2006). Under Oregon Rule of Appellate Procedure 5.45, claims may not be raised for the first time on appeal unless they fall into the narrow "plain error" exception. The Magistrate Judge concluded correctly that petitioner's claim of improper jury contact is not an error of law apparent on the face of the record. Findings and Recommendation at 8.

Petitioner provides a number of case citations in which Oregon courts have exercised discretionary review of unreserved "plain error" issues. The reviews in those cases, however, were triggered by the presence of "rare and exceptional" circumstances. *Gornick*, 130 P.3d at 783 (internal quotation and citation omitted). Those circumstances do not exist in this case. Submitting a claim to state courts "in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Because petitioner raised his constitutional claim for the first time on appeal and it required exceptional circumstances for review (which did not exist), it was not "fairly presented" to Oregon's appellate courts in a procedural context in which the merits would be considered. The claim is therefore defaulted for purposes of habeas review.

Petitioner also objects to the Findings and Recommendation's conclusions regarding petitioner's challenges to the appellate review process known as the *Balfour* system. *See State v. Balfour*, 814 P.2d 1069 (Or. 1991). The *Balfour* system permits defense counsel to notify the court as to counsel's views regarding whether a client's appeal lacks merit without being

compelled to withdraw from representation of the appellant-client.  *See Sophanthavong v. Palmateer*, 378 F.3d 859, 864 (9th Cir. 2004).

Petitioner argued before the Magistrate Judge that the *Balfour* system resulted in violations of his constitutional rights because neither appointed counsel nor the Oregon Court of Appeals identified the non-frivolous errors raised by petitioner, and both the appointed counsel and the appellate court overlooked the plain error committed by the prosecutor in the trial's closing argument when she referred to "inculpatory, disgusting evidence beyond that presented at trial and of which she alleged to have knowledge."  Findings and Recommendation at 21-22 (citing Pet. Supporting Memo. at 15; Pet.'s Reply at 2).

The Magistrate Judge properly construed petitioner's arguments as challenging the judgment of appellate counsel and the Oregon Court of Appeals that there were no arguably meritorious issues for appeal:

> First, to the extent that petitioner complains that appellate counsel failed to recognize non-frivolous issues for appeal, he is raising an ineffective assistance of appellate counsel claim, which was not exhausted in a state post-conviction proceeding and is now procedurally defaulted.  Consequently, the claim cannot be raised here.

> To the extent that petitioner complains that the Oregon Court of Appeals erred in failing to recognize arguably meritorious issues for appeal, based upon its review of the record, petitioner has not identified a constitutional violation and, therefore, is not entitled to habeas relief.

Findings and Recommendation at 22-23.

The Magistrate Judge concluded that petitioner failed to advance a claim establishing that Oregon's *Balfour* system was unlawful or unconstitutional, and was not entitled to habeas relief. Findings and Recommendation at 23.

Petitioner argues that the Magistrate Judge "wrongly construed this as an ineffective assistance of appellate counsel claim," although petitioner instead "sought . . . to raise the denial of counsel claim in direct appeal."  Pet. Obj. at 4 (citation omitted).  Petitioner asserts that his claim "that he was deprived counsel under the *Balfour* process . . . was fully considered by the Oregon appellate courts."  *Id*. at 4.  Petitioner then asserts that he "proved that the two-tier [*Balfour*] system broke down, resulting in a denial of the right to counsel on appeal" because an "obvious" error by the prosecutor in closing arguments "went unrecognized on direct appeal." *Id*. at 4-5.

These objections are overruled.  The Magistrate Judge did not "wrongly construe" the claim at issue as an ineffective assistance of appellate counsel claim, but simply ruled that to the extent that petitioner's ambiguous claim addressed appellate counsel's failure to recognize non-frivolous issues for appeal, that aspect of the claim must be considered procedurally defaulted.  Findings and Recommendation at 22-23.

This reasoning in consistent with the scope of the arguments presented to the Magistrate Judge.  In petitioner's Reply memorandum to the Magistrate Judge, counsel asserted that "the patently improper arguments in closing by the state were an obvious and prejudicial error that any attorney reading the record would have easily recognized.  *See* [Petitioner's] Memorandum at 15-16.  This is proof that the Oregon [*Balfour*] system is inadequate, at least as applied to [petitioner]."  Reply at 2.

In petitioner's opening memorandum to the Magistrate Judge, counsel argued that petitioner's case "illustrates that the *Balfour* system does not work" and "illustrates the failures for adequate independent evaluation of the record because neither appointed counsel nor the appellate court identified the plain error made by the prosecutor in closing argument. . . ."

Opening Mem. at 15.  Counsel concluded this aspect of the memorandum by asserting that "[b]ecause the Oregon system fails to protect the rights of indigent appellants as guaranteed . . . relief is appropriate under 28 U.S.C. § 2254(d)(1)."  *Id*. at 17 (citations omitted).

The Magistrate Judge liberally interpreted petitioner's ambiguous challenges to the constitutionality of Oregon's *Balfour* system – challenges rooted in (1) the failure of his appellate counsel to identify plain error occurring in closing arguments and (2) the inadequacy of the system's two-tier review process, which allegedly "broke down."  Despite the continued ambiguity of these challenges, the analysis provided in the Findings and Recommendation is comprehensive and proper – in the absence of a claim that identifies how the *Balfour* system violates the Constitution or the laws of the United States, petitioner has failed to establish that habeas relief is warranted.

Finally, petitioner objects to the conclusion that he has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) for purposes of obtaining a Certificate of Appealability (COA).  Petitioner's final objection is also overruled.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 § 2253(c)(1) & (2).  A petitioner must establish that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Rhodes v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010) (internal quotations and citations omitted).  Doubts as to the propriety of a COA are resolved in the petitioner's favor.  *Id* (citing *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)).

The propriety of the conclusions adopted herein is not reasonably debatable.  Reasonable jurists could not debate whether the petition before the court should have been resolved in a different manner.

## **CONCLUSION**

Petitioner's objections [45] and respondent's objections [46] are OVERRULED.  The Findings and Recommendation [40] is adopted.  Petitioner Billy Tom Moore's Petition for Writ of Habeas Corpus [2] is denied and this proceeding is dismissed with prejudice.  Petitioner's request for a Certificate of Appealability is denied.

IT IS SO ORDERED.

Dated this  14  day of September, 2010.


   /s/ Ancer L. Haggerty
        Ancer L. Haggerty
    United States District Judge